1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10   WILLIAM SOTO,

11            Plaintiff,                    No.  CIV S-06-1476 LKK DAD P

12        vs.

13   CALIFORNIA DEPARTMENT
     OF CORRECTIONS, et al.,               ORDER AND
14
              Defendants.                  FINDINGS AND RECOMMENDATIONS
15   _____/

16            Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action

17   filed pursuant to 42 U.S.C. § 1983.  By order filed December 4, 2006, plaintiff's complaint was

18   dismissed with leave to file an amended complaint.  Plaintiff has filed an amended complaint that

19   is nearly identical to his original complaint.  Plaintiff has also filed a motion for appointment of

20   counsel.

21            The court is required to screen complaints brought by prisoners seeking relief

22   against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C.

23   § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

24   claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

25   granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28

26   U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A claim should be dismissed for failure to state a claim upon which relief may be granted only if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint. See Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976). The court must also construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the
> deprivation of any rights, privileges, or immunities secured by the
> Constitution . . . shall be liable to the party injured in an action at
> law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or

/////

1   omits to perform an act which he is legally required to do that causes the deprivation of which

2   complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

3          In his original complaint, plaintiff identified the defendant or defendants as

4   "California Department of Corrections/Prison Industrial Authority/State of California."  The

5   court advised plaintiff that the Eleventh Amendment barred him from moving forward with a suit

6   against the State of California, the California Department of Corrections and Rehabilitation, and

7   the Prison Industries Authority because they have not consented to suit.

8          Plaintiff alleged in his original complaint:

9          I got seen by a doctor on May 16 for a bacteria infection given to
           me by Prison Industrial Authority milk or milk carton.  The doctor
10         who saw me ordered me some medication for my symptoms,
           throughing [sic] up, diarrhea, fever, chills, body ache, headache,
11         and lack of sleep.  I felt like I was going to die.  However,
           somebody in the administration wanted me to suffer and suffer I
12         did, because they canceld [sic] my meds.  First they give me this
           sickness.  Second they denie [sic] me relief.  This is a violation of
13         my 8 amendment right.

14  (Compl. at 2.)  Plaintiff sought the following relief:

15         I would like to know why I was denied my medication and was it
           because I'm a P.C. inmate.  A look at the pharmacy records to see
16         if R.C. main line got their meds will prove this.  I'd like to know
           what steps are being taken to make sure these kind [sic] of
17         mistakes don't happen again.  I'd also like the court to punish these
           enity's [sic] for there [sic] wrong doing to the amount of
18         2,500,000.00 two million five hundred thousand or let a jury
           decide.

19  (Id.)

20         The court found that plaintiff's original complaint failed to state an Eighth

21  Amendment claim upon which relief could be granted.  First, plaintiff failed to name any

22  defendant that he could properly sue under § 1983.  Second, plaintiff failed to allege facts

23  showing that any prison official deliberately subjected him to inhumane conditions of

24  confinement.  Finally, plaintiff failed to allege facts demonstrating that any prison official

25  deliberately caused him to become ill or deliberately deprived him of medication.  Accordingly,

26  the court dismissed plaintiff's complaint and granted him leave to amend.

1    In plaintiff's amended complaint, he identifies the defendant or defendants as

2    "California Department of Corrections/DVI State Prison et al./Warden Finn."  Plaintiff's

3    statement of claim is similar to the one he provided in his original complaint.  Plaintiff alleges:

4    On May 16, 2006, I got seen by a doctor at DVI (Tracy State
       Prison) for a bacteria infection given to me by the P.I.A. milk or

5    milk carton.  This doctor ordered the medication for my pain and
       symptoms.  For some reason, the administration knowingly and

6    willingly refuse [sic] to give me these medication [sic] ordered by
       the doctor because of my classification as a special needs inmate.

7    This violates my 8 Amendment and is a clear case of
       discrimination on the prisons [sic] part.

8

9    (Compl. at 8.)  Plaintiff seeks relief similar to that sought in his original complaint.  Plaintiff

10   states:

11   I would like to be told why I was allowed to suffer and why I was
       discriminated against.  I would also like to be awarded two million

12   five hundred thousand for this wrong doing.

13   (Id.)

14   The court will recommend that this action be dismissed.  First, the Eleventh

15   Amendment bars plaintiff from proceeding in this action against the California Department of

16   Corrections or DVI State Prison.  The court previously advised plaintiff that the Eleventh

17   Amendment serves as a jurisdictional bar to suits for damages brought by private parties against

18   a state or state agency unless the state or the agency consents to such suits.  See Quern v. Jordan,

19   440 U.S. 332 (1979); Alabama v. Pugh, 438 U.S. 781 (1978); Jackson v. Hayakawa, 682 F.2d

20   1344, 1349-50 (9th Cir. 1982).  The California Department of Corrections and Rehabilitation and

21   DVI State Prison have not consented to suit.  Accordingly, any of plaintiff's claims against them

22   should be dismissed.

23   Second, the only individual plaintiff names in his amended complaint is Warden

24   Finn.  However, the allegations of plaintiff's amended complaint fail to link Warden Finn to any

25   of his claims of constitutional violations.  Plaintiff only mentions Warden Finn in the case

26   caption on the first page of the complaint.  This court previously advised plaintiff that

4

1    supervisory personnel are generally not liable under § 1983 for the actions of their employees

2    under a theory of respondeat superior and, therefore, when a named defendant holds a

3    supervisorial position, the causal link between him and the claimed constitutional violation must

4    be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v.

5    Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations concerning the

6    involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board

7    of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Accordingly, any of plaintiff's claims against

8    Warden Finn should be dismissed.

9            Third, even assuming there are any proper defendants in this action, plaintiff's

10   Eighth Amendment claims are without merit.  Under the Eighth Amendment, prisons must

11   provide inmates with humane conditions, protect them from harm, and provide adequate medical

12   care.  To state an Eighth Amendment claim, a prisoner must allege facts showing that objectively

13   he suffered a sufficiently serious deprivation and that subjectively each defendant had a culpable

14   state of mind when he or she caused or allowed the prisoner's serious deprivation of rights to

15   occur.  Farmer v. Brennan, 511 U.S. 825, 834 (1994); Wilson v. Seiter, 501 U.S. 294, 298-99

16   (1991).  Neither accident nor negligence constitutes cruel and unusual punishment.  Whitley v.

17   Albers, 475 U.S. 312, 319 (1986).

18           When an inmate alleges that staff failed to protect him or denied humane

19   conditions of confinement, he must allege facts showing that each defendant knew of and

20   disregarded an excessive risk to his health or safety and deliberately subjected him to a

21   substantial risk of serious harm.  Farmer, 511 U.S. at 837.  The prisoner must allege facts

22   showing that each defendant was aware of facts from which the inference could be drawn that a

23   substantial risk of serious harm existed and that each defendant drew that inference at the

24   relevant time.  Id.

25           When an inmate alleges that staff failed to provide adequate medical care, he must

26   allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious

5

1    medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976).  Such a claim has two elements:

2    "the seriousness of the prisoner's medical need and the nature of the defendant's response to that

3    need." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992).  A medical need is serious "if

4    the failure to treat the prisoner's condition could result in further significant injury of the

5    'unnecessary and wanton infliction of pain.'" Id. (quoting Estelle, 429 U.S. at 104).  Indications

6    of a serious medical need include "the presence of a medical condition that significantly affects

7    an individual's daily activities." Id. at 1059-60.  The prisoner must also allege facts showing that

8    the defendants responded to his serious medical need with deliberate indifference.  Farmer v.

9    Brennan, 511 U.S. 825, 834 (1994).

10             Before it can be said that a prisoner's civil rights have been abridged with regard

11   to medical care, "the indifference to his medical needs must be substantial.  Mere 'indifference,'

12   'negligence,' or 'medical malpractice' will not support this cause of action."  Broughton v. Cutter

13   Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06).  Deliberate

14   indifference is "a state of mind more blameworthy than negligence" and "requires 'more than

15   ordinary lack of due care for the prisoner's interests or safety." Farmer, 511 U.S. at 835 (quoting

16   Whitley v. Albers, 475 U.S. 312, 319 (1986)).  Mere differences of opinion between a prisoner

17   and prison medical staff as to proper medical care do not give rise to a § 1983 claim.  See

18   Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Franklin v. Oregon, 662 F.2d 1337, 1334

19   (9th Cir. 1981).

20             Under the standards set forth above, plaintiff's amended complaint fails to state an

21   Eighth Amendment claim upon which relief can be granted.  Plaintiff has not alleged facts

22   showing that prison officials deliberately subjected him to inhumane conditions of confinement.

23   In addition, plaintiff's allegations do not show that any prison official deliberately caused him to

24   become ill or deliberately deprived him of medication.  Accordingly, plaintiff's Eighth

25   Amendment claims should be dismissed.

26   /////

1          Finally, plaintiff's discrimination or equal protection claim is without merit.

2    Again, assuming there are any proper defendants in this action, plaintiff has failed to allege

3    supporting facts for this claim, including who discriminated against him, when, and in what way.

4    To prevail on an equal protection claim, plaintiff must allege and prove membership in a suspect

5    class, deprivation of a fundamental personal right, or enforcement of state laws or regulations in

6    an arbitrary or invidiously discriminatory manner.  See Armendariz v. Penman, 75 F.3d 1311,

7    1326 (9th Cir. 1996) (state action that does not implicate a fundamental right or a suspect

8    classification passes constitutional muster under the equal protection clause if it bears a rational

9    relation to a legitimate state interest); McQuery v. Blodgett, 924 F.2d 829, 834-35 (9th Cir.

10   1991); Lockary v. Kayfetz, 917 F.2d 1150, 1155 (9th Cir. 1990).  Plaintiff has not alleged any of

11   the above requirements.  Accordingly, plaintiff's discrimination or equal protection claim should

12   be dismissed.

13         This court finds that plaintiff's amended complaint demonstrates that he is unable

14   to cure the defects of his complaint.  The undersigned will therefore recommend that this action

15   be dismissed on the grounds that it is legally frivolous and fails to state a claim upon which relief

16   may be granted pursuant to 42 U.S.C. § 1983.

17         Plaintiff has also requested the appointment of counsel.  The United States

18   Supreme Court has ruled that district courts lack authority to require counsel to represent

19   indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298

20   (1989).  In certain exceptional circumstances, the court may request the voluntary assistance of

21   counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir.

22   1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  In the present case, the

23   court does not find the required exceptional circumstances.  Plaintiff's request for the

24   appointment of counsel will therefore be denied.

25         Accordingly, IT IS HEREBY ORDERED that plaintiff's March 9, 2007 motion

26   for the appointment of counsel is denied.

7

1    IT IS HEREBY RECOMMENDED that this action be dismissed on the grounds

2 that plaintiff's claims are legally frivolous and fail to state a claim upon which relief can be

3 granted.

4    These findings and recommendations are submitted to the United States District

5 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

6 days after being served with these findings and recommendations, plaintiff may file written

7 objections with the court.  The document should be captioned "Objections to Magistrate Judge's

8 Findings and Recommendations."  Plaintiff is advised that failure to file objections within the

9 specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951

10 F.2d 1153 (9th Cir. 1991).

11 DATED: March 22, 2007.

13                                          _____

14                                          DALE A. DROZD
                                           UNITED STATES MAGISTRATE JUDGE

15 DAD:9
   soto1476.56

8